IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| ROSE LETICIA CUEVAS<br>10 Hearthstone Ct.<br>Annapolis, MD 21403<br>Anne Arundel County<br><br>Plaintiff,<br><br>vs.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC<br>135 Interstate Blvd. Suite 6<br>Greenville, SC 29615 | CIVIL NO. 1:18-cv-2367 |

**Serve on:**
NATIONAL REGISTERED AGENTS, INC.
OF MD.
2405 York Road, Suite 201
Lutherville Timonium, MD 21093-2264

Defendant.

**COMPLAINT**

Plaintiff, by and through her undersigned attorney, and alleges as follows:

**INTRODUCTION**

1.  Plaintiff brings this action pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 et seq., the Maryland Telephone Consumer Protection Act ("MTCPA"), Md. Code Ann., Com. Law §14-3201 et seq. to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant's unlawful conduct.

**JURISDICTION & VENUE**

2.  This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §1331

1

and §1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Maryland, and a substantial portion the events or omissions giving rise to the claims occurred within Maryland.

## PARTIES

4. Plaintiff is a natural person residing at 10 Hearthstone Court, Annapolis, MD 21403.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant Dynamic Recovery Solutions, LLC ("Dynamic") headquarters is a South Carolina Limited Liability Company with its place of business at 135 Interstate Blvd. Suite 6, Greenville, South Carolina, 29615.  It does business in Maryland.  Its registered agent and office is National Registered Agents, Inc. of Maryland, 2405 York Road, Lutherville Timonium, MD 21093.

7. Defendant regularly collects and attempts to collect consumer debt in Maryland.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

## FACTUAL ALLEGATIONS

9. The instant action arises out of Defendant's attempts to collect on an alleged consumer debt ("debt") said to be owed by Plaintiff.

10. The Debt was purchased, assigned or transferred to Dynamic for collection, or Dynamic was employed by the creditor to collect the Debt.

11. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

12. In 2018, Plaintiff began receiving collection calls to her cellular phones, (443) XXX-1969 and (443) XXX-8370 from Defendant.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phones ending in 1969 and 8370. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Plaintiff never provided her cellular phone number to the Defendant.

15. Plaintiff never gave the Defendant permission to call her cellular phone number.

16. Defendant has used a variety of phone numbers and area codes when calling Plaintiff's cellular phone.

17. When Plaintiff answers calls from Defendant on her cellular phone, Plaintiff experiences a significant pause, lasting approximately three to five seconds in length, before Defendant's representative comes on the line.

18. When Plaintiff received the first call on her cellular phone, Plaintiff told Defendant's representatives to stop contacting her.

19. Despite Plaintiff's demands, Defendant has continued to persistently call Plaintiff's cellular phone up until the date of the filing of this action.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**COUNT I - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

22. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

23. The TCPA, pursuant to 47 U.S.C. §227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. §227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately four to five seconds in length, which Plaintiff experiences upon answering Defendant's phone calls, is instructive that an ATDS is being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

25. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent.

26. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATION OF THE MARYLAND TELEPHONE CONSUMER PROTECTION ACT MD. CODE ANN., COM. LAW §14-3201 et seq.

28. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

29. Defendant's acts, described in this Complaint, constitute numerous and multiple violations of the TCPA as implemented by the Federal Communications Commission in the Restrictions on Telemarketing and Telephone Solicitations Rule (47 C.F.R. Part 64, Subpart L).

30. As a result of Defendant's violations of the TCPA, Defendant violated the MDTCPA, Md. Code Ann., Com. Law § 14-3201(2).

31. Plaintiff is entitled to $500.00 in statutory damages for each and every call in violation of the of the MDTCPA, pursuant to Md. Code Ann., Com. Law § 14-3202(b)(2)(i).

32. Plaintiff is also entitled to an award of attorney's fees, pursuant to pursuant to Md. Code Ann., Com. Law § 14-3202(b)(1), and costs.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

a. Statutory damages of $500.00 for each and every call that violated the MDTCPA, pursuant to Md. Code Ann., Com. Law § 14-3202(b)(2)(i);

b. An award of attorney's fees and costs to counsel for Plaintiff; and

c. Such other and further relief as the nature of this case may require.

**THE PLAINTIFF DEMANDS A JURY ON ALL COUNTS.**

Dated: August 2, 2018                                     ROSE LETICIA CUEVAS,
                                                         By Counsel


/s/ Stephen G. Skinner
Stephen G. Skinner
BAR ID: 20220
SKINNER LAW FIRM
PO BOX 487
Charles Town, WV 25414
304-725-7029
sskinner@skinnerfirm.com